UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CONSTANCE L. L.,[1]

                Plaintiff,

                v.                        No. 1:25-cv-00346-MG-MPB

FRANK BISIGNANO Commissioner of Social
Security Administration,

                Defendant.

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

On May 9, 2022, Constance L. applied for supplemental security income benefits ("SSI"), alleging disability beginning March 1, 2022. [Filing No. 11-2 at 18.] Her claim was denied initially and upon reconsideration. [Filing No. 11-2 at 18.] She then requested review by an Administrative Law Judge ("ALJ"). A telephonic hearing took place on December 13, 2023, and the ALJ issued an unfavorable decision on February 23, 2024. [Filing No 11-2 at 27, 33.] The Appeals Council denied review of that decision on December 27, 2024. [Filing No. 11-2 at 2.] On February 2, 2025, Plaintiff filed a timely civil action seeking review of her disability determination pursuant to 42 U.S.C. § 405(g). [Filing No. 1.] For the following reasons, the Court **REVERSES** the ALJ's decision denying Plaintiff benefits and **REMANDS** this matter for further consideration.

### I.    FACTUAL BACKGROUND

The ALJ's decision finding Plaintiff not disabled followed the required five-step evaluation process in 20 C.F.R. § 404.1520. Specifically, the ALJ found:

---

[1] To protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security review opinions.

- At Step One, that Plaintiff "ha[d] not engaged in substantial gainful activity since May 9, 2022, the application date[.]"

- At Step Two, that Plaintiff "ha[d] the following severe impairments: malignant neoplasm of breast, lumbar spinal stenosis, and depressive disorder[.]"

- At Step Three, that Plaintiff "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1[.]"

- At Step Three but before Step Four, that Plaintiff "ha[d] the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally overhead reach bilaterally. The claimant can occasionally climb ramps and stairs, but never ladders, rope, or scaffolds, and occasionally balance as defined in the Selected Characteristics of Occupations of the DOT. In addition, the claimant can understand, remember, and carry out simple instructions. She has no requirement to maintain a production rate pace. She can have occasional interaction with the general public, coworkers, and supervisors."

- At Step Four, that Plaintiff had no past relevant work.

- And at Step Five, the ALJ concluded Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, since May 9, 2022, the date the application was filed[.]"

[Filing No. 11-2 at 20–26.]

## II.   LEGAL STANDARD

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standard, and that substantial evidence exists for the ALJ's decision. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103. "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)). In creating a logical bridge, the ALJ must meet the "minimal articulation requirement" when making the decision. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) ("An ALJ need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of

3

reasoning."); *see Zellweger v. Saul*, 984 F.3d 1251, 1252 (7th Cir. 2021) (explaining the court reviews the ALJ's decision holistically).

## III.   DISCUSSION

Plaintiff argues that ALJ erred by failing to properly evaluate Plaintiff's residual functioning capacity ("RFC") per SSR 96-8p, specifically regarding her ability to interact with others, her ability to maintain pace and concentration, and her physical symptoms. [Filing No. 18 at 4–15.] Plaintiff also argues that the ALJ erred in failing to evaluate Plaintiff's subjective symptom allegations per SSR 16-3p. [Filing No. 18 at 15–18.] For the reasons below, the Court finds that remand is required because the ALJ failed to properly formulate Plaintiff's RFC as it relates to her ability to interact with others and thus does not address Plaintiff's remaining arguments.

### A.  Plaintiff's Limitations Interacting with Others

Plaintiff's first argument is that her RFC determination as it related to interacting with others was not properly supported. [Filing No. 18 at 4–9.] The two state-agency psychological consultants opined that Plaintiff had a mild limitation in interacting with others. [Filing No. 11-3 at 7, 17.] In their narrative evaluations of Plaintiff's limitations, they both opined that Plaintiff was able to "respond appropriately to brief supervision and interactions with coworkers and work situations." [Filing No. 11-3 at 10, 21.] The ALJ came to a different conclusion: The ALJ found the state-agency consults to be "somewhat persuasive with regard to moderate limits to simple work tasks," but that the state-agency reports as they related to social functioning and work adaptability were "not fully consistent with the claimant's longitudinal mental health symptoms, treatment, and her activities of daily living." [Filing No. 11-2 at 25.] The ALJ remarked that "[Plaintiff] was noted to have some exacerbated mental issues at times and adequate psychotropic

management and therapy through the relevant period that also warranted some *moderate limits in social functioning* and in understanding, remembering, and applying information." [Filing No. 11-2 at 25] (citations omitted) (emphasis added).

Accordingly, the ALJ found that Plaintiff had a moderate limitation in interacting with others. [Filing No. 11-2 at 21.] The ALJ noted that, while Plaintiff reported some issues getting along with others "due to mental health symptoms," "not wanting to be around others," and "ha[ving] limited social activities," she " spen[t] time with others, [talked] on the phone, [visited] with medical providers, and [went] outside on a regular basis." [Filing No. 11-2 at 21] (citations omitted). The ALJ formulated an RFC in which Plaintiff—at maximum—could "have occasional interaction with the general public, coworkers, and supervisors." [Filing No. 11-2 at 21.]

Plaintiff argues that the ALJ did not link any specific evidence in formulating Plaintiff's RFC but rather relied on his own lay interpretation of the record, an interpretation that differed from the hired consultants. [Filing No. 18 at 6.] Plaintiff argues that it is unclear how or why the ALJ found—despite having disagreed with the agency consultants' evaluation as to the severity of Plaintiff's social interaction limitation—that Plaintiff's RFC did not require the limitation of "brief" interactions. [Filing No. 18 at 6–8.] The Commissioner makes two main arguments in response. First, he argues that Plaintiff is mistaken in characterizing the RFC finding as less restrictive than that of the state-agency assessments. Specifically, the Commissioner argues that:

> [The state-agency consultants] found Plaintiff was "able to respond appropriately to brief supervision and interactions with coworkers and work situations." The word "brief" in this context does not modify "interactions with co-workers" and "work situations. Rather, the sentence is better read as stating that Plaintiff is able to respond appropriately to (1) brief supervision, (2) interactions with co-workers, and (3) work situations. Thus, [the state-agency consultants] did not assess any limitations on interactions with co-workers and the general public, while the ALJ assessed a more restrictive limitation to occasional interactions with coworkers and the general public.

[Filing No. 20 at 6] (citations omitted). Second, the Commissioner argues that the ALJ explained why he found the state-agency consultants' reports only somewhat persuasive, and that the ALJ's language need not exactly mirror those of the agency consultants. [Filing No. 20 at 6] (citing *Langley v. O'Malley*, 2024 WL 3649021, at \*3–4 (7th Cir. Aug. 5, 2024) (holding that an ALJ "need not replicate the precise language" of a prior administrative medical finding, nor must she "explicitly explain any deviation from the" findings).

The Court begins with the Commissioner's first argument. Despite the Commissioner's contention that "brief" only modifies "supervision" but does not modify "interactions with coworkers" or "workplace situations," the plain reading of the state-agency consultants' reports is that they meant that Plaintiff was capable of brief supervision, brief interactions with coworkers, and brief workplace situations. If the reports had intended to mean that Plaintiff was capable of brief social interactions, but *all* interactions with coworkers and *all* workplace situations, they would have specified as much. Even if the Court were to accept the Commissioner's strained reading, it would be no more evident how "brief" supervision was resolved into "occasional" supervision, considering the ALJ's determination that Plaintiff's limitation interacting with others was not just mild, but moderate.

That brings the Court to the Commissioner's second argument. In maintaining the adequacy of the ALJ's determination, he relies in part on *Reynolds v. Kijakazi*, 25 F.4th 470 (7th Cir. 2022). In *Reynolds*, the ALJ limited the claimant to "occasional interaction with co-workers and supervisors and no interaction with the general public" after noting that a psychiatrist had found that the claimant "could respond appropriately to brief supervision and interactions [with] co-workers in work settings." *Id.* at 472–73 (quotation omitted). The claimant argued that the ALJ should have limited her to "superficial" interactions, rather than "occasional" interactions, and the

6

Seventh Circuit found that the "occasional" interactions limitation was appropriate because the psychiatrist had not "recommended that [the claimant's] RFC be limited to 'superficial' interactions with supervisors and coworkers." *Id.* at 474. In this case, the Commissioner contends that Plaintiff's argument "runs afoul" of the decision in *Reynolds*. [Filing No. 20 at 7.] In her Reply, Plaintiff argues that "Reynolds asserted that the RFC in that case was deficient because it did not include a qualitative limitation such as a limitation to superficial interaction; that Court opined that the facts did not did call for such a limitation, namely because no opinion enumerated as much." [Filing No. 21 at 4] (citing *Reynolds,* 25 F.4th at 473–74).

Shortly after the present case was fully briefed, the Court ruled on a quite similar issue. In *William B. v. Bisignano*, the ALJ found that the claimant suffered from severe impairments of schizophrenia, major depressive disorder, and insomnia. 2025 WL 3166190, at *3 (S.D. Ind. Nov. 12, 2025). While the state-agency consultants who examined him opined that the claimant could respond to brief supervision and interactions with coworkers, which the ALJ found persuasive, the ALJ *did not* limit the claimant to brief interactions with supervisors and coworkers but instead limited him to occasional interactions. *Id.* The ALJ also found that the claimant could have no interactions with the public. *Id.* at *3. The *William B.* court held that the ALJ was obligated to "explain why he chose [occasional] limitations despite [the state-agency reports recommending brief limitations]—recommendations which the ALJ found were "persuasive" and "generally consistent with the overall record." *Id.* at *4. The case was remanded on the basis the ALJ's decision lacked a logical bridge between the evidence and the RFC determination. *Id.* at *5.

The case at bar is factually different, but the outcome is the same. Here, the state-agency consultations made the same evaluation of a "brief limitation," but unlike the ALJ in *William B.*, the ALJ here found these evaluations unpersuasive as they related to social interactions. It is

7

certainly possible that the ALJ found Plaintiff's ability to manage social interactions to be more limited, but that the interactions need not be brief—just occasional. However, it is not clear to the Court how a more severe limitation calls for a less restrictive RFC. In finding the state-agency evaluations unpersuasive in this regard, the ALJ cites evidence from the record demonstrating Plaintiff's limitations, but the Court still cannot ascertain how that evidence specifically supports this conclusion in light of the state-agency evidence. Therefore, remand on this basis is warranted.

The Commissioner argues that finding that the ALJ erred in this regard would be improperly reweighing the evidence. [Filing No. 20 at 7.] However, the issue with the ALJ's determination is not how he weighed the evidence, but rather that it is unclear how the interpretation and weighing of the evidence before him lead him to this conclusion regarding Plaintiff's limitations with interacting with others.

## IV.    CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying the Plaintiff benefits and **REMANDS** this matter for further proceedings. Final judgment will issue accordingly.

IT IS SO ORDERED.

Date: 3/20/2026

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

To ECF Counsel of Record

8